NO. 07-05-0114-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 13, 2005



______________________________



DANIEL QUILIMACO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A2651-0001; HONORABLE ROBERT KINKAID, JR., JUDGE


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant's Withdrawal of Notice of Appeal as Premature
requesting dismissal of his appeal. Appellant and his attorney both have signed the document
stating that appellant withdraws his appeal. Tex. R. App. P. 42.2(a). No decision of this Court
having been delivered to date, we grant the motion. Accordingly, the appeal is dismissed. No
motion for rehearing will be entertained and our mandate will issue forthwith.

 James T. Campbell

 Justice

Do not publish.



ndent: 0in
}

body
{
 font-family: "Times New Roman", serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-08-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008

______________________________


BENNY JOE PALOMO,
                                                                                                 Appellant

v.

THE STATE OF TEXAS,
                                                                                                 Appellee


_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF RANDALL COUNTY;

NO. 2006-1390-L; HON. RONNIE WALKER, PRESIDING

_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
            Pending before the court is the appeal of Benny Joe Palomo. The clerk’s record
was filed on January 21, 2008, and a supplemental clerk’s record on March 19, 2008.
Contained therein is the Trial Court’s Certification of Defendant’s Right of Appeal, which
was executed on February 12, 2008, after amendments to Rule 25.2(d) of the Texas Rules
of Appellate Procedure became effective on September 1, 2007. The form on file does not
comply with the amendments to the rule, which now require that a defendant sign the
certification and receive a copy. Additionally, the new form provides certain admonishments
to a defendant not previously required.


 
           Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate this appeal and
remand this cause to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to determine if appellant desires to continue the
appeal and, if so, secure a proper Certification of Defendant’s Right of Appeal in compliance
with Rule 25.2(d). Once properly completed and executed, the certification shall be included
in a supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by June 27, 2008. 
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
 
                                                                      Per Curiam
Do not publish.